UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
ROBERT BRYANT and TRINTON HATTON,    :    No. _____
Individually and on behalf of themselves and all    :
others similarly situated,                          :
                                                    :    ECF Case
                              Plaintiffs,           :
                                                    :    **Class and Collective Action**
v.                                                  :    **Complaint**
                                                    :
POTBELLY SANDWICH WORKS, LLC,        :    **JURY TRIAL DEMANDED**
                              Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## INTRODUCTION

Plaintiffs Trinton Hatton and Robert Bryant, individually and on behalf of all others

similarly situated, file this Class and Collective Action Complaint (the "Complaint") against

Defendant Potbelly Sandwich Works, LLC ("Defendant" or "Potbelly") seeking all available

relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq* and the

New York Labor Law and its supporting regulations ("NYLL").  The following allegations are

based on Plaintiffs' personal knowledge and belief and upon information made known to

Plaintiffs.

## NATURE OF THE ACTION

1.      Plaintiffs allege on behalf of themselves and other current and former Assistant

Managers ("AMs"), and similarly situated current and former employees holding comparable

positions but different titles employed by Defendant in the United States and who elect to opt

into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (hereinafter the "Collective" or

"Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for

hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages

pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2.      Plaintiff Hatton, pursuant to Fed. R. Civ. P. 23, bring this class action on behalf of

himself and all other persons similarly situated who suffered damages as a result of Defendant's

violations of the NYLL in the state of New York during the applicable limitations period in

New York (the "New York Class Members").  Plaintiff alleges that the New York Class

Members are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40)

hours in a workweek, as required by law, (ii) spread-of-hours pay, and (iii) liquidated damages

pursuant to New York law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over the Plaintiff Hatton's NYLL claims pursuant to

29 U.S.C. §§ 1332(a), (d) and 1367.

5.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the

events giving rise to the claims occurred in this District, Defendant is registered to transact

business in this District, and Defendant operates store locations in this District.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

### I.      *The Plaintiffs*

7.      Plaintiff Bryant is an individual residing in Katy, Texas.

8.      During all relevant times, Plaintiff Bryant was employed by Potbelly as an AM from in or about November 2016 to the present and has worked at several different Potbelly locations in Katy, Texas, and Houston, Texas.

9.      Plaintiff Bryant has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

10.     Plaintiff Bryant worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal laws.

11.     Plaintiff Hatton is an individual residing in Bronx, New York.

12.     Defendant operates 17 company-owned locations in this District, according to its 10-K annual report and the "Locations" page of its company website.

13.     During all relevant times, Plaintiff Hatton was employed by Potbelly as an AM from in or about 2014 until November 2016 and has worked at several different Potbelly locations as an AM such as, 14th Street and 6th Avenue, 30 Rockefeller Center, and 56th Street and 6th Avenue, all in Manhattan.

14.     Plaintiff Hatton has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit B.

15.     Plaintiff Hatton worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and the NYLL.

16.     At times, Plaintiff Hatton worked more than 10 hours per day, without receiving spread-of-hours pay as required by the NYLL.

## II.    *The Defendant*

17.     Defendant Potbelly Sandwich Works, LLC is an Illinois limited liability company

registered and authorized to transact business in New York, and may be served with process on
its registered agent, CT Corporation System, 111 Eight Avenue, New York, NY, 10011.

18.     According to its 10-K Annual Report filed with the SEC on February 22, 2017,
Defendant operated 411 company-owned shops in the United States, including 17 in New York.

19.     At all times relevant herein, Defendant has been an employer within the meaning
of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

20.     Defendant issued paychecks to Plaintiffs and all similarly situated AMs during
their employment.

21.     Defendant suffered, permitted or directed the work of Plaintiffs and similarly
situated AMs, and Defendant benefited from work performed by Plaintiffs and similarly situated
AMs.

22.     Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay
Plaintiffs and other similarly situated AMs proper overtime wages for hours they worked for
Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

23.     Defendant employed Plaintiffs and the similarly situated Collective Action
Members and New York Class Members as AMs.

24.     Defendant maintains control, oversight, and discretion over the operation of its
restaurants, including its employment practices with respect to Plaintiffs, the Collective Action
Members, and the New York Class Members.

25.     Plaintiffs, the Collective Action Members, and the New York Class Members
performed work as AMs that was integrated into the normal course of Defendant's business.

4

26.     Consistent with Defendant's policy, pattern and practice, Plaintiffs, the Collective Action Members, and the New York Class Members regularly worked in excess of 40 hours per workweek without being paid premium overtime wages, in violation of the FLSA and the NYLL.  For example, Plaintiff Bryant worked more than 40 hours during the week of June 5, 2017, and Plaintiff Hatton worked more than 40 hours during the first week of October 2016.

27.     Potbelly assigned all of the work performed by Plaintiffs, the Collective Action Members, and the New York Class Members and is aware of all the work that they have performed.

28.     This work required little skill and no capital investment.  Nor did it include primarily managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

29.     During the three years preceding the date of filing this Complaint to the entry of judgment in this case ("the Collective Action Period"), and during the six years preceding the date of filing this Complaint to the entry of judgment in this case ("the New York Class Period"), Plaintiffs, the Collective Action Members, and the New York Class Members performed the same primary job duties:  preparing food, helping and serving customers, bussing tables, cleaning the restaurants, operating the cash register, checking to make sure that supplies were properly shelved and checking inventory.

30.     Throughout the Collective Action Period and the New York Class Action Period, the primary job duties of Plaintiff and all similarly situated Collective Action Members and New York Class Members did not include:  hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

31.     The primary job duties of Plaintiffs, the Collective Action Members, and the New York Class Members did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature.  The performance of manual labor and non-exempt duties occupied the majority of Plaintiffs' working hours.

32.     Pursuant to a centralized, company-wide policy, pattern and practice, Potbelly classified all AMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the overtime provisions of the FLSA and the NYLL.

33.     Upon information and belief, Potbelly did not perform a person-by-person analysis of the job duties of AMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and the NYLL.

34.     Defendant established labor budgets to cover labor costs for the restaurants in which Plaintiffs and similarly situated AMs worked.  The wages of Defendant's restaurant-level employees were deducted from the labor budgets.  However, Defendant did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each restaurant.  Defendant knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in Plaintiffs and other similarly situated AMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

35.     Defendant knew, by virtue of the fact that its General Managers (as its authorized agents) actually saw Plaintiffs and other similarly situated AMs perform primarily manual labor

6

and non-exempt duties, that as a result of the underfunded labor budgets, the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient). Defendant knew that Plaintiffs and other similarly situated AMs were primarily performing the work of non-exempt employees and, based on their actual job duties, AMs did not fall within any FLSA or NYLL exemptions. Inasmuch as Potbelly is a substantial corporate entity aware of its obligations under the FLSA and NYLL, it acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated AMs as non-exempt employees.

36. Defendant is aware or should have been aware, through the General Managers (as its authorized agents), that AMs were primarily performing non-exempt duties. As a restaurant chain operating at over 400 locations in the United States and almost 20 locations in New York, Defendant knew or recklessly disregarded the fact that the FLSA and NYLL required Defendant to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek.

37. Defendant's unlawful conduct, as described above, was willful or in reckless disregard of the FLSA and the NYLL and was accomplished through Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

38. As part of its regular business practice, Potbelly intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA and the NYLL with respect to Plaintiffs, the Collective Action Members and the New York Class Members. This policy, pattern, and practice includes, but it is not limited to, Potbelly's knowledge of its obligations and the kind of work that Plaintiffs, the Collective Action Members, and the New York Class Members were, and have been, performing. As a result, Defendant has:

a.      willfully misclassified Plaintiffs, the Collective Action Members, and the New York Class Members;

b.      willfully failed to pay Plaintiffs, the Collective Action Members, and the New York Class Members overtime wages for hours they worked in excess of 40 hours per week;

c.      willfully failed to pay Plaintiff Hatton and the New York Class Members spread-of-hours pay when their workday was greater than 10 hours; and

d.      willfully failed to provide enough money in its store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing AMs to perform such additional non-exempt tasks.

39.      Defendant's willful violations of the FLSA and the NYLL are further demonstrated by the fact that during the course of the Collective Action Period and the New York Class Period and continuing to the present, Defendant has failed to maintain accurate and sufficient time records for Plaintiffs and the similarly situated members of the Collective Action and the New York Class.  Defendant acted recklessly or in willful disregard of the FLSA and the NYLL by instituting a policy and practice that did not allow Plaintiffs to record all hours worked.

40.      Due to the foregoing, Potbelly's failure to pay overtime wages for work performed by the Collective Action Members and New York Class Members in excess of 40 hours per workweek was willful or reckless, and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41.      Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by

Potbelly as AMs, and individuals holding comparable salaried positions but with different titles, within the United States at any time from three years from the date of the filing of this Complaint to the entry of judgment in this case.

42.     Potbelly is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees for all hours over 40 worked in any given workweek.

43.     Upon information and belief, there are likely hundreds of similarly situated current and former AMs who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

44.     The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## NEW YORK CLASS ALLEGATIONS

45.     Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff Hatton brings this action under the NYLL on behalf of all persons who were employed by Defendant in the state of New York at any time during the New York Class Period, who were employed by the Defendants as AMs and/or other comparable positions with different titles, who were classified as exempt by Potbelly, who were not paid overtime wages in violation of the NYLL, and who were not paid spread-of-hours pay.

46.     Upon information and belief, the New York Class contains more than 40 persons and is so numerous so that joinder of all individual members is impracticable.

47.     Defendant's conduct with respect to Plaintiff Hatton and the New York Class raises questions of law and fact that are common to the entire class, including whether Defendant employed Plaintiff Hatton and all members of the New York Class within the meaning of the NYLL; the nature and extent of the class-wide injury and the appropriate measure of damages for the New York Class; whether Defendant has a policy of misclassifying AMs as exempt from coverage of the overtime provisions of the NYLL; whether Defendants failed to pay Hatton and all members of the New York Class the legally required amount of overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the NYLL; whether Defendant has failed to pay spread-of-hours pay; and whether Defendants are liable for all damages claimed by Hatton and all members of the New York Class.

48.     Plaintiff Hatton's claims and Defendant's anticipated defenses are typical of the claims or defenses applicable to the entire class.

49.     Plaintiff Hatton's interests in pursuing this lawsuit are aligned with the interests of the entire New York Class.

50.     Plaintiff Hatton will fairly and adequately protect the New York Class Members' interests because his experienced and well-resourced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of all New York Class members.

51.     A class action provides the fairest and most efficient method for adjudicating the legal claims of all New York Class Members.

52.     Potbelly violated the NYLL by failing to pay proper overtime wages to Plaintiff Hatton and other New York Class Members for workweek in which they worked over 40 hours.

53.     There are questions of law and fact common to the members of the New York Class that predominate over any questions solely affecting the individual members of the New York Class.

54.     The critical question of law and fact common to Plaintiff Hatton and the New York Class that will materially advance the litigation is whether Potbelly is required by the NYLL to pay Plaintiff Hatton and the New York Class at a rate of 1.5 times their regular hourly rate for hours worked overtime.

55.     Other questions of law and fact common to the New York Class that will materially advance the litigation include, without limitation:

a.      Whether Defendant failed to provide Plaintiff Hatton and the New York Class Members spread-of-hours pay when the length of their workday was greater than 10 hours;

b.      Whether Defendant can prove that its unlawful policies were implemented in good faith;

c.      Whether Potbelly is liable for all damages claimed by Hatton and the New York Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

d.      Whether Potbelly should be enjoined from continuing to violate the NYLL in the future.

56.     Plaintiff Hatton's claims are typical of the claims of the members of the New York Class.  Plaintiff Hatton has the same interests in this matter as all other members of the New York Class.

57.     Plaintiff Hatton is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

58.     Class certification of Plaintiff Hatton's claim under the NYLL is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Potbelly has acted or refused to act on grounds generally applicable to the New York Class, making appropriate both declaratory and injunctive relief with respect to the New York Class as a whole.  The members of the New York Class are entitled to injunctive relief to end Potbelly's common and uniform policy and practice of denying the New York Class the wages to which they are entitled.

59.     Class certification of Plaintiff Hatton's claim under the NYLL is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over questions affecting only individual members of the New York Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

60.     Plaintiff Hatton knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**(FLSA:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiffs and All Collective Action Members)**

61.     Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 60 as if they were set forth again herein.

62.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendant employed Plaintiffs, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

64.     Potbelly has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

65.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibits A and B.

66.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Potbelly.

67.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay premium overtime compensation to their AMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

68.     As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

69.     As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the Collective Action Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

70.     As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its restaurants, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

71.     Due to Defendant's (a) failure to provide enough labor budget funds; (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the similarly situated Collective Action Members; (c) actual knowledge, through its General Managers that the primary duties of Plaintiffs and the similarly situated Collective Action Members were manual labor and other non-exempt tasks; (d) failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were performing exempt job duties; and (e) policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, Defendant knew or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

72.     As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled (a) to recover from Defendant their unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) to recover an additional, equal amount as liquidated damages for Defendant's willful or reckless violations of the FLSA; and (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

73.     Potbelly's violations of the FLSA have been willful or reckless, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(NYLL:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff Hatton and All New York Class Members)**

74.     Plaintiff Hatton, on behalf of himself and all New York Class Action Members, re-allege and incorporate by reference paragraphs 1 through 60 as if they were set forth again herein.

75.     At all relevant times, Plaintiff Hatton and the New York Class Members were employed by Defendant within the meaning of the NYLL, and Defendant was an employer within the meaning of NYLL.

76.     The overtime wage provisions of the NYLL and its supporting regulations apply to Defendant.

77.     Defendant willfully violated Plaintiff Hatton's rights and the rights of the New York Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek, in violation of the NYLL and its regulations.

78.     As a result of Defendant's policy and/or practice to minimize labor costs by providing its stores with an underfunded labor budget, Defendant willfully caused Plaintiff Hatton and New York Class Members to perform primarily manual labor and non-exempt tasks.

79.     Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff Hatton and the New York Class Members, Defendant's actual knowledge, through its General Managers, that the primary duties of Plaintiff Hatton and the New York Class Members were manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff Hatton's and the New York Class Members' job duties to ensure that they were performing

exempt job duties, Defendant's instituting a policy and practice that did not allow Plaintiff Hatton to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the NYLL.

80.     As a result of Defendant's willful violations of the NYLL, Plaintiff Hatton and the New York Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the NYLL.

81.     Defendant's NYLL violations have caused Plaintiff Hatton and the New York Class irreparable harm for which there is no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**(NYLL:  SPREAD-OF-HOURS PAY)**
**(Brought on Behalf of Plaintiff Hatton and All New York Class Members)**

82.     Plaintiff Hatton, on behalf of himself and all New York Class Action Members, re-allege and incorporate by reference paragraphs 1 through 60 as if they were set forth again herein.

83.     At times, Plaintiff Hatton and the New York Class Action Members worked more than 10 hours in a workday.

84.     Defendant willfully failed to compensate Plaintiff Hatton and the New York Class Action Members one hour of additional pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than 10 hours, as required by the NYLL and the supporting New York State Department of Labor Regulations.

85.     Through their knowing or intentional failure to pay Plaintiff Hatton and the New York Class Action Members spread-of-hours pay, Defendant has willfully violated the NYLL, Article 19, §§ 650, *et seq*., and the supporting New York State Department of Labor Regulations.

86.     Due to Defendant's willful violations of the NYLL, the New York Class Action Members are entitled to recover from Defendant their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the Collective Action Members, and the New York Class Members are entitled to and pray for the following relief:

a.     Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.     Certification of the New York Class as a class action pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Hatton and his counsel to represent the members of the New York Class;

c.     An injunction requiring Potbelly to cease its unlawful practices under, and comply with the NYLL;

d.   A declaratory judgment that the practices complained of are unlawful under the FLSA and the NYLL;

e.   An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA and the NYLL, using the following common methodology for calculating damages:  ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

f.   An award of spread-of-hours pay for Plaintiff Hatton and the New York Class Members pursuant to the NYLL;

g.   An award of liquidated and punitive damages as a result of Potbelly's willful  or reckless failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

h.   An award of prejudgment and post-judgment interest;

i.   An award of costs and expenses of this action, together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

j.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff and the Collective Action Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: October 5, 2017          By:     /s/ Seth R. Lesser
                                        Seth R. Lesser
                                        Fran L. Rudich
                                        Michael H. Reed

18

Alexis H. Castillo
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel:  (914) 934-9200
Fax: (914) 934-9220
Email: seth@klafterolsen.com
Email: fran@klafterolsen.com
Email: michael.reed@klafterolsen.com
Email: alexis.castillo@klafterolsen.com

C. Andrew Head (to seek admission *pro hac vice*)
Donna L. Johnson (to seek admission *pro hac vice*)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel:  (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com
Email: djohnson@headlawfirm.com

***Attorneys for Plaintiff, the Collective, and the New York Class***