UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT BRYANT and TRINTON HATTON,
Individually and on behalf of themselves and all others similarly situated,

    Plaintiffs,

-against-

POTBELLY SANDWICH WORKS, LLC,

    Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/18

No. 17-cv-7638 (CM)

## DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE

McMahon, C.J.:

On October 5, 2017, Plaintiffs Robert Bryant and Trinton Hatton, (the "Plaintiffs"), filed a class and collective action complaint (the "Complaint") against Defendant Potbelly Sandwich Works, LLC (the "Defendant"). The Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and the New York Labor Law ("NYLL").

Defendant moved to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the motion is DENIED.

### BACKGROUND

Unless otherwise noted, all relevant facts are taken from the Complaint. (*See* Dkt. No. 1.)

Plaintiffs in this action are current and former Assistant Managers ("AMs") employed by Defendant in the United States and who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) (the "Collective"). In addition, Pursuant to Rule 23 of the Federal Rules of Civil

1

Procedure, Plaintiff Hatton brings this action on behalf of himself and all others similarly situated who suffered violations of the NYLL (the "New York Class Members").

Plaintiff Hatton was employed by Defendant as an AM from sometime in 2014 until November 2016. Plaintiff Hatton is a resident of Bronx, New York. Plaintiff Bryant was employed by Defendant as an AM from in or about November 2016 to the present. Plaintiff Bryant is a resident of Katy, Texas. Both named Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Defendant in this action is an Illinois limited liability company, registered and authorized to transact business in New York.

Plaintiffs allege that Defendant violated the FLSA and the NYLL by failing to pay overtime wages for hours worked in excess of 40 hours per week. According to Plaintiffs, Defendant instituted company-wide policies and practices classifying all AMs as exempt from the overtime provisions of the FLSA and the NYLL. Defendant has denied these allegations. (*See* Dkt. No. 12.) Defendant argues that this case should be transferred from the Southern District of New York (the "Southern District") to the Northern District of Illinois (the "Northern District") pursuant to 28 U.S.C. § 1404, on the grounds that the Northern District—where Defendant maintains its corporate headquarters—is the location where the alleged violations of the FLSA and NYLL occurred.

## DISCUSSION

### I. The Motion to Transfer Venue Pursuant to § 1404 Is Denied

Where an action was brought in a proper venue, § 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As an initial matter, the

2

party requesting a transfer of venue bears the heavy burden of proving by clear and convincing evidence that transfer is warranted. *New York Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). In reviewing a motion to transfer venue, district courts "have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

The Court evaluates a motion to transfer venue via a two-step process: (1) "whether the action could have been brought in the transferee district," and (2) "whether transfer would be an appropriate exercise of the Court's discretion." *Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 407 (S.D.N.Y. 2017) (quoting *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013)). Defendant admits that this action could have been brought in the Northern District, and thus, the analysis proceeds to step two. (*See* Def. Mem. at 7.)

In determining whether a transfer is an appropriate exercise of the Court's discretion under step-two of the above analysis, the Court balances the following factors: "(1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice." *Enigma Software*

3

*Grp. USA, LLC*, 260 F. Supp. 3d at 407 (quoting *Everlast*, 928 F. Supp. 2d at 743). The Court now turns to a discussion of these factors.

### A. Convenience of Witnesses and Parties

The convenience of witnesses and parties in this action is a neutral factor. "The convenience of witnesses 'is an important consideration, and has often been described as the single most important § 1404(a) factor.'" *Id.* at 409 (quoting *Filmline (Cross-Country) Prods. Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989)). In weighing this factor of the analysis, the Court will not simply transfer the inconvenience from one party to the other. *Verragio, Ltd. v. AE Jewelers, Inc.*, 2016 WL 278060 *3 (S.D.N.Y. Jan. 19, 2016) (McMahon, J.).

The Collective purports to represent a nationwide class as part of their FLSA claim and a New York class as part of the alleged violations of the NYLL. As such, witnesses and third parties in this matter are expected to be scattered. (*See* Pl. Opp'n Mem. at 9.) The FLSA class is likely to be nationwide and the New York class is, presumably, given the nature of Plaintiff's claims, located within the state of New York.

Defendant argues that certain corporate executives are located in the Northern District, and that it is these individuals who are significant to Plaintiff's alleged claims. (*See* Def. Mem. at 9-12.) Defendant asserts that these individuals will provide testimony regarding: payroll procedures, job classifications, training, policies, job responsibilities, management responsibilities, timekeeping data, and other computer systems and databases. (*See* Def. Mem. at 5; Turk Decl. ¶ 4.) Defendant has stated a willingness to travel to New York to conduct depositions of Plaintiff Hatton and any other local opt-ins of the New York Class Members. (*See* Def. Mem. at 12.) Furthermore, given the location of Defendant's stores—one-quarter of which

are within 100 miles of the Northern District—third parties, including co-workers, family members, and employees who do not opt-in, will be more likely to reside within the Northern District.

While all of Defendant's assertions certainly show convenience, that convenience is for Defendant's benefit at the cost of inconveniencing Plaintiff Hatton and the local opt-ins of the New York Class Members. As noted above, this Court will not simply shift the inconvenience from one party to the other. *Verragio*, 2016 WL 278060 at *3. A motion to transfer under Section 1404 must be for the convenience of *all* parties. Given that the Southern District is the location where Plaintiff Hatton and a portion of the local opt-ins are likely to reside, Defendant's willingness to travel to conduct depositions does not ameliorate the inconvenience likely to be felt by a transfer to the Northern District.

Plaintiff Hatton resides in and worked at one of Defendant's stores within the Southern District. Certainly then, events giving rise to Plaintiff Hatton's claim occurred within the Southern District. It *is* relevant that the policies that allegedly contributed to Plaintiff Hatton's claim were implemented in the Northern District, but that alone is not enough to warrant a transfer. The New York Class Members are likely to be similarly situated as well. Since both Plaintiff's counsel and Defendant's counsel in this matter have signaled a willingness to travel and conduct discovery and witness interviews, the convenience factor is neutral. The convenience that Defendant would gain by a transfer to the Northern District is not so significant

as to completely rebut Plaintiff's equally valid assertion that this case remain in the Southern District.

### B. Location of Relevant Documents

The location of the relevant documents is a neutral factor. Defendant does not assert that document production would be an undue burden, but rather states that the individuals tasked with maintaining these records are located in the Northern District. (*See* Def. Mem. at 10.) This, however, is a distinction without a difference. The Court fails to see how the location of the employees tasked with compiling the relevant documents is significant—let alone enough to move the scales in Defendant's favor—to warrant a transfer of venue. In the current digital age, it is certainly not a hurdle to send documents electronically from one district to another.

### C. Locus of Operative Facts

The locus of operative facts in this matter is a neutral factor. "To determine where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 578 (S.D.N.Y. 2015) (quoting *Martignago v. Merrill Lynch & Co., Inc.*, 2012 WL 112246 *7 (S.D.N.Y Jan. 12, 2012)). "In a nationwide FLSA action, however, it is often difficult to fix a single locus of operative facts, because each employee's claim typically arises not only from the objectionable policy's development, but also its on-site implementation." *Flood*, 94 F. Supp. 3d at 579.

According to Defendant, the acts alleged by Plaintiffs—instituting company-wide policies and practices by which Plaintiffs were reclassified as exempt from the overtime provisions of the FLSA and NYLL—took place at Defendant's corporate headquarters in the

Northern District. Furthermore, Defendants allege witnesses, evidence, and relevant information will be located in the Northern District.

While Defendant may be correct that the company-wide policies that Plaintiffs allege to have caused the violations of the FLSA and NYLL flow from the corporate headquarters in the Northern District, it is also true that the implementation of those policies occurred in locations nationwide. The Northern District of Illinois is one of those locations—as is the Southern District of New York. In FLSA cases in the past, Courts have found that, a centralized location where policies are adopted and implemented does indeed contain operative facts, but so too does the location where Plaintiff actually worked and suffered the alleged harm. *Id.* at 579.

Plaintiff Hatton worked at one of Defendant's locations in the Southern District. Certainly then, some operative facts will lie here. It is also true that some operative facts will lie in the Northern District at Defendant's corporate headquarters. There are therefore multiple loci of operative facts, and the balance does not clearly tip in favor of the Northern District. Furthermore, Plaintiffs allege violations of the NYLL and the operative location of facts relating to that claim are more likely to be found in New York amongst the New York Class Members. *Id.*

Thus, the Court is not persuaded by Defendant's assertion that the locus of operative facts is in the Northern District at Defendant's corporate headquarters simply because the decisions that allegedly harmed the Plaintiffs—classifying AMs as exempt—occurred there.

### D. Availability of Process

The availability of process is a neutral factor. Federal courts may only subpoena witnesses within the district or within 100 miles of the district. Fed. R. Civ. P. 45(b)(2). Defendant has stated that this Court cannot compel high level executives with knowledge of this

case to testify due to the employees' residence in the Northern District. (*See* Def. Mem. at 14.) Furthermore, Defendant states that some of those employees may no longer be employed by Defendant at the time of trial or deposition. *Id.*

However, Defendant does not provide the Court with the names or location of their employees or former employees, or with any evidence to suggest that these employees would be unwilling to testify or unable. And, if the employees are still employed by Defendant at the time their testimony is to be taken, Defendant can surely compel them to testify without the need for legal process—especially as the Court might well be amenable to a jury instruction concerning Defendant's refusal to bring witnesses who are under its control into this court. Defendant's former executive employees are as likely to be in Florida or Arizona or California as in Chicago. *Flood*, 94 F. Supp. 3d at 580 (citing *Martignano*, 2012 WL 112246 at *8). Since Defendant has not provided the Court with sufficient reason to consider this factor anything but neutral to the transfer analysis, I will treat it as such.

### E. Relative Means of the Parties

The relative means of the parties favors keeping the case in New York. "Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed." *Id.* Although Defendant has agreed to conduct discovery of Plaintiff Hatton and any New York Class Members in the Southern District, they would have greater difficulty returning and dealing with an Illinois lawyer (local counsel almost certainly would be

necessary), and Plaintiff's would be more greatly burdened by having to go to Chicago for trial . That being so, Defendant admits that Plaintiffs are of lesser means. (*See* Def. Mem. at 16.)

### F. Familiarity With Governing Law

The forum's familiarity with the governing law is a factor that favors Plaintiffs. "Familiarity with the governing law is generally given little weight in federal courts." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 530 (S.D.N.Y. 2004). In this instance, both federal courts in the Southern District of New York and Northern District of Illinois are equally familiar with the FLSA. However, the alleged violations of the NYLL counsel against transfer to the Northern District of Illinois. *Calabrese v. Teoco Corp.*, 637 F. Supp. 2d 160, 165 (S.D.N.Y. 2009). Defendants have not explained why a federal court in Illinois is better able to determine questions of New York law than a federal court sitting in New York.

### G. Plaintiff's Choice of Forum

Plaintiff's choice of forum is a factor that favors Plaintiffs. Traditionally, Plaintiffs' choice of forum is given great weight in the Court's analysis, and should not be disturbed unless the factors clearly tip in favor of transfer. *Winter v. Am. Inst. of Med. Sci. & Educ.*, 242 F. Supp. 3d 206, 216 (S.D.N.Y. 2017). The Court is not tasked with determining the best venue, only a suitable one. *See D.H. Blair & Co.*, 462 F.3d at 106.

In the instant case, Plaintiff Hatton worked for Defendant in Manhattan, New York and resides in Bronx, New York. While it is also true that Defendant Bryant resides in Katy, Texas, this does not alter the fact that the Southern District has a sufficient relation to the alleged claims.

Defendant argues that in a collective action such as this, Plaintiff's chosen venue should be given less consideration. However, this factor does not advance Defendant's argument by any

9

significant measure. *Koslofsky v. Santaturs, Inc.*, 2011 WL 01894856 *2 (S.D.N.Y Aug. 18, 2011). Plaintiffs have shown a connection to the Southern District, and find it convenient to litigate in this forum. The Court will not disturb that decision absent a clear showing by Defendant.

### H. Trial Efficiency

Trial efficiency is a neutral factor; Defendant concedes as much in its motion. (*See* Def. Mem. at 16.)

## CONCLUSION

The Court finds that Defendant has not met its heavy burden of demonstrating that transfer is appropriate. Therefore, Defendant's motion is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at Docket Number 15.

Dated: February 5, 2018

_____
Chief Judge

BY ECF TO ALL COUNSEL