# jackson|lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
|---|---|---|---|
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (631) 247-4652
MY EMAIL ADDRESS IS JEFFREY.BRECHER@JACKSONLEWIS.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/18

May 24, 2018

**VIA ECF:**

The Honorable Colleen McMahon, Chief-U.S.D.J.
United States District Court
for the Southern District of New York
5 Pearl Street, Room 2550
New York, New York 10007-1312

Re: *Robert Bryant, et al. v. Potbelly Sandwich Works, LLC*
1:17-cv-07638-CM

Dear Judge McMahon:

**MEMO ENDORSED**

[Handwritten endorsement: 5/29/18 rulings (1) Notice should go by BOTH 1st class mail and email to (2) Only one notice; no reminder notice (3) Plaintiffs' counsel may have the class list but may not use it to make affirmative contact w/ potential class members (otherwise than by sending notice) absent further order of court. CM]

Please accept this letter brief submitted on behalf of both parties in the above-captioned action. This is an overtime case under the Fair Labor Standards Act ("FLSA"). Defendant Potbelly consented to notice and conditional certification. Dkt. No. 35. The parties agreed to submit to Your Honor by May 24, 2018 their proposed notice or identify any disagreements regarding that notice. The parties have agreed on a proposed notice text, attached as Exhibit A. Despite several meet and confer calls, the parties have been unable to reach agreement on three issues, described below. Once Your Honor rules on these issues, the parties will submit a proposed order for your signature.

## I. Whether Notice Should Issue By Email

### A. Plaintiffs' Position

Your Honor has recognized that "given the reality of communications today . . . email notice . . . is entirely appropriate." *Pippins v. KPMG L.L.P.*, No. 11 Civ. 0377 (CM) (JLC), 2012 U.S. Dist. LEXIS 949, at *41 (S.D.N.Y. Jan. 3, 2012) (McMahon, *J.*); *accord Varghese v. JP Morgan Chase & Co.*, No. 15 Civ. 3023 (PGG), 2016 U.S. Dist. LEXIS 122428, at *26 (S.D.N.Y. Sept. 8, 2016) (citing *id.*). This has become even more true in the six years since that decision, and we are unaware of any situation where older hypothetical fears of a compromised process has manifested. Email "serves the goal of making as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y. 2017) (quotation and citations omitted). As a result, "[n]otice of class

**jackson|lewis.**

or imposing undue burdens on the defendants." *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y. 2017) (quotation and citations omitted). As a result, "[n]otice of class actions by email have now become commonplace. *Id.*; *See, e.g.,* Vecchio v. *Quest Diagnostics, Inc.*, 2018 U.S. Dist. LEXIS 72919, at *31 (S.D.N.Y. Apr. 30, 2018). Accordingly, notice should issue by email.

### B. Defendant's Position

Notice should be sent solely via first class mail because first class mail is the "best notice practicable." *See Hinterberger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 U.S. Dist. LEXIS 97944, at *41-42 (W.D.N.Y. Oct. 21, 2009) (collecting cases); *Summa v. Hofstra Univ.*, No. CV 07-3307 (DRH) (ARL), 2008 U.S. Dist. LEXIS 62591, at *18-19 (E.D.N.Y. Aug. 14, 2008) (rejecting, in relevant part, plaintiff's request for email addresses where "Plaintiff provides no justification regarding her request for additional information"). Notice by first class mail "provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members." *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007) (*quoting Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002). Notice by e-mail, for example, "creates risks of distortion or misleading notification that are substantially reduced when first class mail is used." *Id.* In *Karvaly*, the Court observed that:

> [e]lectronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court. Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process. In addition, email messages could be forwarded to nonclass members and posted on internet sites with great ease.

*Id.* (quoting *Reab*, 214 F.R.D. at 630). This risk has only grown in recent years, with e-mail hacking, data breaches, and phishing becoming commonplace. Thus, even courts that may have approved such mailing in the past might revisit that approach. An official judicial notice should be sent by an official reliable process, the United States mail service, not by e-mail. Indeed, sending notice by e-mail may even cause putative members to question the validity of the notice. Given these security concerns, and absent an actual showing that first class mail is insufficient, the Court should deny Plaintiffs' request for dissemination by email. *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 463 (E.D.N.Y. 2014) (denying Plaintiff's request to disseminate the Notice via email because of the inherent risk that email could be improperly forwarded or altered thereby compromising the notice process).

**jackson lewis.**

## II. Whether a Reminder Notice Should Issue

### A. Plaintiffs' Position

"[N]otice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in." *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sep. 19, 2013). No more than an initial mailing, does a reminder show untoward judicial deference to the claims in a case which is why, as was stated just weeks ago, courts within this Circuit and this District "have consistently authorized reminder notices." *Williams v. Movage, Inc.*, 2018 U.S. Dist. LEXIS 68892, at *26 (S.D.N.Y. Apr. 24, 2018); *see also, e.g., Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 U.S. Dist. LEXIS 118315, at *24 (S.D.N.Y. Aug. 24, 2016) (finding mailing of a reminder notice is appropriate, collecting cases); *Racey v. Jay-Jay Cabaret, Inc.*, No. 15 Civ. 8228 (KPF), 2016 U.S. Dist. LEXIS 67879, at *30-31 (S.D.N.Y. May 23, 2016) (same); *Agerbrink v. Model Serv. L.L.C.*, No. 14 Civ. 7841 (JPO) (JCF), 2016 U.S. Dist. LEXIS 12486, at *29 (S.D.N.Y. Feb. 2, 2016) (citations omitted) ("In light of the salutary purpose of notice in collective actions, I see some benefit and no harm in sending a reminder notice[.]"); *Michael v. Bloomberg L.P.*, No. 14 Civ. 2657 (TPG), 2015 U.S. Dist. LEXIS 51030, 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) (ordering reminder notice); *Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) (same). Accordingly, a reminder notice should issue here.

### B. Defendant's Position

Courts in this Circuit are divided on whether reminder notices are appropriate. *Agerbrink v. Model Service, LLC*, No. 14-7841, 2016 U.S. Dist. LEXIS 12486 (S.D.N.Y. 2016). Courts that have denied the request have concluded, correctly, that permitting plaintiffs the opportunity to distribute such a notice is unnecessary and "could be interpreted as encouragement by the court to join the lawsuit." *Id.* (quoting *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012)) (internal quotation marks omitted) (denying issuance of a reminder notice); *Tanski v. Avalongbay Cmtys., Inc.*, 2017 U.S. Dist. LEXIS 112506, *60-61 (E.D.N.Y. Mar. 31, 2017) (denying issuance of reminder notice). This reasoning is supported not only by common sense, but by Supreme Court precedent. In *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989), the Supreme Court held district courts have discretion to authorize notice in a collective action under 29 U.S.C. § 216(b). While the Court declined get into the "details" of the exercise of that authority, it identified one overriding principle applicable here:

> Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims. In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.

*Id.* at 174. Indeed, the dissent echoed this point, describing court-authorized notice as a "historical irony," stating, "'Stirring up litigation' was once exclusively the occupation of

**jackson|lewis.**

disreputable lawyers." *Id.* at 181. The central point is that court-approved communications should be done to avoid any appearance of judicial endorsement of the merits. Sending a reminder notice violates this principle. It sends the opposite message—that the Court is encouraging individuals to take action. We have not located any case where Your Honor has approved a reminder notice and respectfully request the Court deny that invitation here.

### III. Whether Plaintiffs' Counsel Should Receive the Class List

Potbelly maintains that the "class list," namely the list of people who should receive notice, should be provided only to the Third Party Administrator and not Plaintiffs' counsel. That position should be rejected. *First*, Plaintiffs only would use a Third Party Administrator given the hundreds of notices at issue. As we do in smaller FLSA cases, had Plaintiffs' counsel wished to do so here, they could handle the mailing themselves, and there could be no possible issue or concern (based upon employee confidentiality or otherwise) about whether they could receive the class list. That is why it is recognized that as a rule, "[t]he bulk of the district courts in [the Second] Circuit do not impose" the use of a third-party administrator." *Hernandez v. Merrill Lynch & Co.*, 2012 U.S. Dist. LEXIS 49822, at *21-22 (S.D.N.Y. Apr. 6, 2012); *Graham v. Jet Specialty, Inc.*, No. MO-15-CV-135-DAE, 2016 U.S. Dist. LEXIS 3420, at *17 (W.D. Tex. Jan. 11, 2016) ("the Court approves the use of a third-party claims administrator, should the parties choose to use one, but does not require that Plaintiff be restricted from viewing the information Jet discloses"), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 13191.

*Second*, every person on the list is a potential witness. Plaintiffs' counsel should be able to identify and contact them. *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554–55 (N.D. Ill. 2008) (ordering class list production to counsel because "[d]ue process requires an opportunity to discover this information at the present stage of litigation, and such due process rights are more compelling than the privacy rights of potential plaintiffs' [contact information]").

*Third*, once notice goes out, potential Opt-Ins will call Plaintiffs' counsel. Plaintiffs' counsel need to know whether the callers are on the class list so they can advise them whether they can participate in the case. Contrary to what Potbelly may assert, when individuals call who are possibly clients, it is important that Plaintiffs' counsel staff to know the actual facts. And, after all, it is Plaintiffs' counsel paying for any administrator.

Courts in this district routinely permit plaintiffs to receive a copy of the class list. *See, e.g., Pippins*, 2012 U.S. Dist. LEXIS 949, at *46-47; *Williams*, 2018 U.S. Dist. LEXIS 68892, at *28; *Sanchez*, 2016 U.S. Dist. LEXIS 118315, at *25; *see also, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148 (LBS), 2010 U.S. Dist. LEXIS 58460 (S.D.N.Y. June 14, 2010) (ordering production of complete FLSA class list even pre-certification and citing authorities). Accordingly, the Court should order Potbelly to provide the class list to Plaintiffs' counsel. Plaintiffs note that they are prepared for the production of the class list to be covered by any protective order the parties enter into.

**jackson|lewis.**

Honorable Colleen McMahon
May 24, 2018
Page 5

A. **Defendant's Position**

The Notice should be distributed by a neutral third-party administrator and the names provided only to the Claims Administrator only. Plaintiffs do not represent putative members of the collective action until they have completed an opt-in form and indicated their consent to be represented. Defendant has an obligation to protect the confidential nature of the information contained in the employment records of non-party employees, who have "[l]egitimate privacy concerns...with regard to personnel files." *Perez v. Jupada Enters., Inc.*, 10 Civ. 3118, 2011 U.S. Dist. LEXIS 14788, at *4 (S.D.N.Y. Feb. 14, 2011). Many employees would surely be displeased to learn that their contact information (including potentially their e-mail addresses if the Court so authoirzes) has been given to a third party—Plaintiffs' counsel. The use of a third-party administrator will safeguard the privacy of non-party employees and ensure the list is not used for any other purpose other than the purpose ordered by the Court—notifying putative members of their right to join the case.

Numerous courts have approved this process as fair and a preferred method of distributing notice. *See, e.g., Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal., Oct. 26, 2009) ("Plaintiffs ask the Court to order Defendant to provide their counsel with contact information for all putative class members so that counsel can provide them with a court approved notice. The Court finds that it would be more appropriate to have a third-party claims administrator distribute the collective action notice.")

Plaintiffs' contention that they need the list for Plaintiffs to verify the names of employees on the list should they receive a phone call is flimsy. Defendant will provide Plaintiffs' counsel with the total number of individuals on the list and should any question arise as to whether an individual is on the list, a one-minute call or e-mail to the third party administrator will resolve that question. Restricting the list to only the third party administrator avoids risks that the data will be mishandled, hacked, or otherwise used for solicitation purposes.

The contention that the list is needed to identify witnesses is even flimsier. There will be over 500 names of the list. A certain percentage will opt-in, and to be sure, Plaintiffs will object should we seek to depose all of them. So surely they do not intend to call each as witnesses. To the extent they identify a specific need for a name or names, the parties can address that during discovery.

The parties are happy to address any additional questions or concerns Your Honor may have.

**jackson lewis.**

Honorable Colleen McMahon
May 24, 2018
Page 6

Respectfully submitted,

/s/ Seth R. Lesser
Seth R. Lesser
Fran L. Rudich
Michael H. Reed
Alexis H. Castillo
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220
Email: seth@klafterolsen.com
Email: fran@klafterolsen.com
Email: alexis.castillo@klafterolsen.com

C. Andrew Head (admitted *pro hac vice*)
Donna L. Johnson *pro hac vice*)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel: (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com
Email: djohnson@headlawfirm.com

**Attorneys for Plaintiff, the Collective, and the New York Class**

Respectfully submitted,

/s/ Jeffrey W. Brecher
Jeffrey W. Brecher
Sarah Hook
Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, NY 11747
Tel: (631) 247-0404
**Attorneys for Defendant**

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Robert Bryant, et al. v. Potbelly Sandwich Works, LLC,*
Case No. 1:17-CV-07638-CM (S.D.N.Y.)

### COURT-AUTHORIZED NOTICE

## If you are or were a salaried Assistant Manager at Potbelly Sandwich Works, LLC ("Potbelly") at any time between December 5, 2014 and January 28, 2018, please read this Notice.

- This Notice is being sent to tell you of the existence of the lawsuit and inform you of your right under the Fair Labor Standards Act ("FLSA"). The Court has allowed this Notice to be sent to an eligible current and former store-level Assistant Manager or Manager in Training however variousl titled (collectively referred to as "Assistant Managers") employed by Potbelly who was paid b salary for one or more weeks worked as an Assistant Manager on any pay date between Decembe 5, 2014 to January 28, 2018.

- Plaintiffs Robert Bryant and Trinton Hatton, former Potbelly Assistant Managers, claim that the and other Assistant Managers who were paid by salary should have been paid overtime for all hour worked over 40 in those weeks worked. The lawsuit alleges that Assistant Managers are entitled t overtime pay because their primary duties did not differ substantially from those duties performe by hourly-paid associates who performed such tasks as food and beverage service, customer service and cleaning the restaurant. If you join this lawsuit and Plaintiffs prevail, you may be entitled t overtime wages and liquidated damages under the FLSA. There is no guarantee that any mone will be made available to those who join the collective action.

- Potbelly denies that it has done anything wrong and maintains that Assistant Managers wer correctly classified as managers who were exempt from overtime compensation because, amon other things, their primary duty was management.

- **The Court has made no finding on the merits of the claims raised by Plaintiffs, or Potbelly' defenses thereto.**

- You may have received notice of a prior settlement regarding Assistant Manager overtime in *Chi v. Potbelly Corporation,* Case No. 50-2017-CA-002002 (Circuit Court, Palm Beach County). If yo did not accept payment from that settlement, your rights were not waived and you may join thi case. Even if you participated in that settlement by accepting payment, you can join this action i you worked as an Assistant Manager paid by salary any time after December 1, 2016, except thi lawsuit does not cover the period after January 28, 2018, when Assistant Managers became eligibl for overtime.

- Your legal right to participate in the lawsuit is subject to the choice that you must now make.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **JOIN THE CASE** | If you would like to join and participate in this case, you must fully complete, sign and timely submit a "Consent to Join" Form no later than **[a date 60 days from notice]**, to [the notice administrator]. <br><br> **You may sign and submit the "Consent to Join" Form in the following ways:** <br><br> (1) You may electronically sign and return the "Consent to Join" Form directly online, which can be accessed at [INSERT WEBSITE], and submitted no later than [DATE], or <br><br> (2) You can complete the "Consent to Join" Form included with this Notice and mail it to [the notice administrator] (including by using the enclosed addressed, postage paid envelope) so that it is postmarked no later than [DATE], or <br><br> (3) You can complete and send the enclosed "Consent to Join" Form to [the notice administrator] by fax to [FAX], or email it to [EMAIL] so that the administrator receives it no later than [DATE]. <br><br> Filing the "Consent to Join" Form does not guarantee that you will ultimately be a participant in this lawsuit if the Court at a later date determines certain claims are time-barred or you were otherwise not eligible to participate. |
| **DO NOTHING** | By doing nothing, you will not be included in this case. You will, however, have the right to bring your own claims. If you do not join, the statute of limitations on any claim you might have will continue to run and you may lose some or all of your right to bring any claim you may have. |

### I. Why Did I Get This Notice and What Is the Lawsuit About?

This Notice was sent to tell you of the existence of the lawsuit and inform you of your rights. The choic to join or not to join this lawsuit is yours.

<u>The Lawsuit.</u> Robert Bryant and Trinton Hatton ("Plaintiffs") brought a lawsuit entitled *Robert Bryan et al. v. Potbelly Sandwich Works, LLC*, Case No. 1:17-CV-07638-CM (S.D.N.Y.). In this lawsuit, the claim that while they were paid a salary as Assistant Managers and classified by Potbelly as exempt fror overtime pay laws, they should have been paid overtime in all weeks in which they worked more tha 40 hours for which they were classified by Potbelly as ineligible for overtime pay. Specifically, th lawsuit alleges that their primary duty was not management in that their work did not differ substantiall from the work performed by hourly-paid associates such as food and beverage service, customer service and cleaning the restaurant. As a result, Plaintiffs claim they and other Assistant Managers are entitle to overtime pay under the Fair Labor Standards Act.

Potbelly denies the allegations and asserts Plaintiffs performed management duties as their primary duties and were properly classified as exempt from overtime.

## II. How Do I Join & What Happens If I Do?

You are receiving with this Notice a "Consent to Join" form. If you want to participate in this lawsuit you must read it and submit a signed "Consent to Join" form. There are several ways to submit it. You may electronically sign and submit it online at [TPA WEBSITE] by [60 days from date of distribution]. You can fax a signed copy to the facsimile number listed below, or email a .jpg or .pdf of a signed copy to the email address listed below, by [60 days from date of distribution]. Or, you can mail a signed "Consent to Join" form to [TPA] at the address listed below by placing a signed "Consent to Join" form in the pre-addressed prepaid return envelope that was mailed with your Notice, or in another envelope so that it is postmarked by [60 days from date of distribution].

[TPA mailing address, fax number, email address, phone number]

Should you lose or misplace the enclosed Consent to Join form, please contact [TPA] at 1-XXX-XXX-XXXX. If you have questions, you may contact any of the Plaintiffs' lawyers listed below.

If you submit the enclosed Consent to Join Form by [60 days from distribution] the Plaintiffs' lawyer listed below will represent you.

By joining this lawsuit, you designate Plaintiffs Robert Bryant and Trinton Hatton as your representatives, and to the fullest extent allowable, you designate Plaintiffs and their counsel to make decisions on your behalf concerning the case, the method and manner of conducting the case, and all other matters pertaining to this lawsuit.

If you join you will be bound by the Court's judgment, whether it is favorable or unfavorable, on all issues including settlement. If you join, you must preserve any information and/or documents you may have pertaining to your employment as a Potbelly Assistant Manager. While this suit is pending, you may be asked to provide documents or information relating to your employment, or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter. Filing the "Consent to Join" form does not guarantee that you will ultimately participate in this lawsuit in the event the Court determines that the case cannot go ahead as a collective action.

Plaintiffs are represented by the following Plaintiffs' lawyers:

| KLAFTER OLSEN & LESSER LLP<br>Two International Drive<br>Suite 350<br>Rye Brook, NY 10573<br>Tel: (914) 934-9200 x313<br>michael.reed@klafterolsen.com<br>www.klafterolsen.com | HEAD LAW FIRM, LLC<br>4422 N. Ravenswood Ave.<br>Chicago, IL 60640<br>Tel: (404) 924-4151 x108<br>bhilbert@headlawfirm.com<br>www.headlawfirm.com |
|---|---|

By returning the "Consent to Join" form, you will join this lawsuit and these Plaintiffs' lawyers will represent you. Alternatively, you may join and retain your own counsel, at your own expense, if you choose.

### III. How Will the Lawyers Get Paid?

The Plaintiffs' lawyers listed above are being paid on a contingency fee basis and will advance all cost of litigation, which means that if there is no recovery there will be no attorney's fee or costs paid to Plaintiffs' lawyers. If there is a recovery, the Plaintiffs' lawyers listed above will receive a part of any settlement obtained or money judgment entered in favor of all members of the collective action fo attorney's fees and costs. The Court will retain jurisdiction to determine the reasonableness of any contingency attorney's fee agreement entered into by the plaintiffs with counsel.

### IV. And If I Do Not Join?

If you do not join, you will not be bound by any judgment issued or settlement approved by the Court in this case -- whether it is favorable or unfavorable. You will not be entitled to share in the amount recovered in this lawsuit, if any, but you will have the right to separately bring your own claims. If you do not join, the statute of limitations on your claim for unpaid overtime as a salary-paid Assistan Manager under the FLSA will continue to run and you may lose some or all of your ability to receive recovery on any claim you may have if you do not timely act to file your claim within the statute o limitations.

### V. Can Potbelly and/or my current employer retaliate against me or fire me if I join the lawsuit?

No. It is a violation of federal law for Potbelly to fire, discipline, or in any manner discriminate o retaliate against you for taking part in this case.

### VI. How Can I Get More Information?

Additional information can be obtained from the Plaintiffs' lawyers at the above addresses and telephon numbers. You may also learn more about the claims in the Complaint and review relevant documents b contacting [TPA] at 1-XXX-XXX-XXXX or going to the website: [TPA WEBSITE]. No inquirie concerning this case should be directed to Potbelly management, the Court or to the Clerk of the Court

**The Notice has been authorized by the United States District Court Judge Colleen McMahon of the U.S. District Court, Southern District of New York. This Notice is not an expression by the Court of any opinion concerning the alleged claims. This Notice simply informs you of the pendency of this litigation and your rights to join, or not join, the lawsui**

## CONSENT TO JOIN

1.  I consent to be a party plaintiff in this lawsuit, *Robert Bryant et al. v. Potbelly Sandwich Works, LLC* U.S. District Court, Southern District of New York, Civil Action No. 17-cv-7638 (CM).

2.  By signing and returning this consent form, I hereby designate Plaintiffs Robert Bryant and Trinto Hatton ("Plaintiffs") and Plaintiffs' lawyers, Klafter, Olsen & Lesser, LLP ("KOL") and Head Law Firm, LL ("HLF") to represent me in this case and to make decisions on my behalf concerning the litigation and in the eve of a possible settlement. I agree to be bound by any adjudication of this action.

_____

Full Legal Name (please PRINT clearly)

_____     _____

Signature                                                              Date

*All information you provide below is for use by Plaintiffs' lawyers in this case, and will not be filed with the Cou*

_____

Street Address (with apartment number, if applicable)

_____

City, State, Zip Code

_____     _____

Home Phone Number                                       Cell Phone Number

_____

Personal Email Address
(we will use this as our primary method to contact you)

_____     _____

Emergency Contact Name                              Emergency Contact Phone Number
(in case we lose contact with you)

If you wish to electronically sign this "Consent to Join" form directly online, please visit [TPA WEBSITE] to electronically sign and submit this form via the online submission portal.

4852-2197-2070, v. 1