```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ROBERT BRYANT, TRINTON HATTON and   :
MARC MEETERS, Individually and on behalf  :   No. 1:17-cv-07638 (CM) (HBP)
of themselves and all others similarly situated,  :
                                                  :
                        Plaintiffs,               :
                                                  :
   v.                                             :
                                                  :
POTBELLY SANDWICH WORKS, LLC,                     :
                                                  :
                        Defendant.                :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

# [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

The Court, having considered Plaintiffs' Unopposed Motion for Final Approval of Settlement, for Award of Attorneys' Fees and Costs and Expenses and for Approval of Service Payments to the Representative Plaintiffs and for Payment of the Claims Administrator's Costs and Expenses ("Motion") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this action, the named Plaintiffs, the FLSA collective members, the Illinois class members, and Defendant Potbelly Sandwich Works, LLC.

2. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement as fair, reasonable and adequate as to the parties, the FLSA Collective Members, the named Plaintiffs, and the Illinois settlement class.

3. There were no objections filed within the Court-ordered objection period, and no objections filed to date. Of the 202 members of the Settlement class, no one has requested to be excluded from the Settlement.

4. The Court finds that the procedures for notifying the FLSA collective members about the Settlement and the Illinois class members, including the Notices and related documents, constituted the best notice practicable under the circumstances to all FLSA collective members and Illinois class members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the notices to the FLSA collective members and Illinois class members provided adequate, due, sufficient and valid notice of the Settlement.

5. The Court finds, for settlement purposes only, that the Illinois class satisfies the applicable standards for certification under Fed. R. Civ. P. 23.

6. The action is dismissed on the merits and with prejudice, permanently barring Plaintiffs, all other claimants and the Illinois class members from filing, commencing, prosecuting, or pursuing the claims released as part of this Settlement whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

7. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Class Counsel are hereby awarded $187,125.31 for attorneys' fees, to be divided between Class Counsel pursuant to agreements between Class Counsel, and $18,062.78 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case. The attorneys' fees and expenses so awarded shall be paid from the Settlement sum pursuant to the terms of the Settlement Agreement.

8. The service awards for the representative Plaintiffs, as set forth in Section III.D of the Motion, in the amounts of $5,000 per named Plaintiff and $2,500 for the Illinois

named Plaintiff, are approved to reimburse them for their unique services in initiating and maintaining this litigation, to be paid from the Settlement sum pursuant to the terms of the Settlement Agreement.

9. The costs and expenses incurred involving notice administration and incurred to date or incurred for finalization of the Settlement by the Settlement Administrator, estimated to be approximately $32,871, are granted for payment, and the Settlement Administrator can disburse to itself from the Settlement funds such payments upon approval by Class Counsel.

10. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the FLSA collective members, the Illinois class members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendant or as to whether a class or collective should be certified, other than for settlement purposes only.

11. The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of this Final Approval Order.

12. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: February 4, 2020

_____
The Honorable Colleen McMahon